RUFFIN B. CORDELL [admitted *pro hac vice*]
cordell@fr.com
**FISH & RICHARDSON, P.C.**
1425 K STREET, N.W., SUITE 1100
WASHINGTON, D.C. 20005
TELEPHONE: 202-783-5070
FACSIMILE: 202-783-2331

JERRY T. YEN (SBN 247988)
yen@fr.com
**FISH & RICHARDSON, P.C.**
500 ARGUELLO STREET, SUITE 500
REDWOOD CITY, CA 94063
TELEPHONE: 650-839-5070
FACSIMILE: 650-839-5071

**Attorneys for Plaintiff
MONOLITHIC POWER SYSTEMS, INC.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| MONOLITHIC POWER SYSTEMS, INC.<br><br>Plaintiff,<br><br>v.<br><br>SILERGY CORPORATION and SILERGY TECHNOLOGY<br><br>Defendants. | Case No. CV-10-01533 CAS (AGRx)s<br><br>**MONOLITHIC POWER SYSTEMS, INC.'S *EX PARTE* APPLICATION FOR CLARIFICATION OF ORDER GRANTING PLAINTIFF'S REQUEST TO CONDUCT LIMITED JURISDICTIONAL DISCOVERY** |

TO THE HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Plaintiff Monolithic Power Systems, Inc. ("MPS") hereby applies *ex parte* for an order granting additional discovery for the questions which counsel for Defendants Silergy Corp. and Silergy Technology (collectively, "Silergy") unilaterally determined were outside the scope of the Court's January 6, 2011 Order (Dkt. 39). Specifically, in light of the parties' briefing with respect to Silergy's November 22, 2011 Motion to Dismiss, the Court ordered limited discovery on the following issues: "(1) the nature of the relationship between Acer Inc. and Silergy Corp and (2) Mr. Grimm's positions, if any, at the time of service of process, with Silergy Corp and Silergy Tech." Order, Jan. 6, 2011, Dkt. 39. During the depositions of Wei "Issac" Chen and Michael Grimm on March 4, 2011, counsel for Silergy, Kenneth Parker, Esq., instructed Silergy's witnesses, Mr. Chen and Mr. Grimm, to refrain from answering several questions which we believe fall within the scope of the Court's January 6, 2011 Order. In light of Mr. Parker's instructions to his clients during deposition, MPS respectfully requests clarification of the Court's Order, and permission to receive additional discovery with respect to Mr. Grimm's position at Silergy Technology and Silergy Corp. at the time of service of process.

This application is made pursuant to the Court's inherent authority to govern its own proceedings, and is based on this notice, the attached memorandum of points and authorities, the pleadings and records on file with the Court in this case, and any further argument and other matters as may be presented at or before the hearing. This application is made following a conference of counsel on March 4, 2011 and is opposed by Defendants.

/ / /

/ / /

| | |
|---|---|
| Dated: March 10, 2011 | Respectfully submitted,<br>**MONOLITHIC POWER SYSTEMS, INC.**<br><br>By its attorneys,<br><br><br>By  /s/ *Jerry T. Yen*<br>Jerry T. Yen<br>FISH & RICHARDSON, P.C.<br>500 Arguello Street, Suite 500<br>Redwood City, CA 94063<br>Telephone:  650-839-5070<br>Facsimile:  650-839-5071<br><br>Ruffin B. Cordell<br>[Admitted *Pro Hac Vice*]<br>cordell@fr.com<br>FISH & RICHARDSON, P.C.<br>1425 K Street, N.W., Suite 1100<br>Washington, D.C.  20005<br>Telephone:  202-783-5070<br>Facsimile:   202-783-2331<br><br>Of Counsel:<br>Indranil Mukerji<br>Rudhir B. Patel<br>FISH & RICHARDSON, P.C.<br>1425 K Street, N.W., Suite 1100<br>Washington, D.C.  20005<br>Telephone:  202-783-5070<br>Facsimile:  202-783-2331 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Silergy Corp. has contested service of process in this matter and its motion to dismiss on this issue is currently pending before the Court. This Court granted plaintiff Monolithic Power Systems, Inc.'s ("MPS") request to take discovery on the issues of personal jurisdiction and service of process, and specifically with regards to Michael Grimm's position at Silergy Corp. and Silergy Technology when MPS served Mr. Grimm with a summons and complaint to Silergy Corp. Because the Court permitted discovery pertaining to "Mr. Grimm's positions if any, at the time of service of process, with Silergy Corp and Silergy Tech.," counsel for MPS asked several questions during the depositions of Mr. Chen and Mr. Grimm on March 4, 2011, which MPS believes fall within the scope of the Court's Order. During these depositions, Mr. Parker, counsel for Silergy Corp. and Silergy Technology, objected and then instructed the witnesses not to answer these questions because he believed that they were outside the scope of the Court's January 6, 2011 Order. MPS now respectfully requests that the Court clarify its January 6, 2011 Order, and whether questions pertaining to the objected topics (identified below) are within the scope of permissible discovery under the Court's Order.

## II. FACTUAL AND PROCEDURAL BACKGROUND

MPS filed its First Amended Complaint on September 21, 2010 against Silergy Corp. and Silergy Tech. asserting infringement of two United States patents. On October 13, 2010, Michael Grimm was served with the summons and first amended complaint for Silergy Corp. On November 22, 2010, Silergy Corp. filed a motion to dismiss for lack of personal jurisdiction and insufficient service of process. Silergy Corp.'s Mot. to Dismiss, Nov. 22, 2010, Dkt. 26. With respect to service of process,

3

1  Silergy Corp. claims that Mr. Grimm was not authorized to accept service on behalf
2  of Silergy Corp.  *See id.* at 9-11.  In response, MPS provided evidence that Silergy
3  Technology and its President, Michael Grimm, were acting as Silergy Corp.'s
4  "general manager" under California's Code of Civil Procedure and requested, in the
5  alternative, that the Court permit limited discovery on the issue service of process.[1]
6  *See* MPS's Opp'n to Silergy Corp.'s Mot. to Dismiss 17-22, Dec. 6, 2010, Dkt. 32
7  ("Opposition Brief").  On January 6, 2011, the Court granted MPS's request to
8  conduct limited discovery.  Dkt. 39.
9      Pursuant to the Court's January 6, 2011 Order, MPS served interrogatories,
10 requests for production, 30(b)(6) notices to Silergy Corp. and Silergy Technology on
11 January 14, 2011, and also issued subpoenas to Wei Chen and Michael Grimm.  In
12 accordance with the 30(b)(6) notices and subpoenas, MPS took the depositions of
13 Wei Chen and Michael Grimm on March 4, 2011.

## III.  ARGUMENTS AND AUTHORITIES

As explained in MPS's Opposition Brief and pursuant to Section 416.10 of the California Code of Civil Procedure, service on a general manager is permissible for effective service of process.  Cal. Code Civ. Proc. § 416.10(b).  In its Opposition Brief, MPS argued that Silergy Tech. served as the "general manager" of Silergy Corp., and that the relationship between Silergy Corp. and Silergy Tech. was "of sufficient character and rank to make it reasonably certain" that Silergy Corp. would be apprised of the service of the complaint and summons made upon Michael Grimm of Silergy Tech. for Silergy Corp.  *See, e.g., Gibble v. Car-Lene Research, Inc.*, 67

---

[1] MPS has also requested foreign service by registered mail to Silergy Corp.'s Taiwan and Cayman Islands addresses pursuant to Fed. R. Civ. P. 4(f)(2)(C)(ii) and 4(h)(2).  *See* Dkt. 43, 50, and 51.  MPS believes that this should be sufficient to meet the service requirements under the Federal Rules of Civil Procedure.  *See Brockmeyer v. May*, 383 F.3d 798, 803-04, 808-09 (9th Cir. 2004); *Power Integrations, Inc. v. System General Corp.*, No. C 04-02581 JSW, 2004 WL 2806168, *2-3 (N.D. Cal. Dec. 7, 2004).

Cal. App. 4th 295, 313-14, 78 Cal. Rptr. 2d 892 (1998); *see also* Opposition Brief at 17-20.

Based on MPS's argument with regards to service of process and under the scope of discovery permitted by the Court, during the depositions of March 4, 2011, counsel for MPS attempted to explore Michael Grimm's positions with Silergy Corp. and Silergy Technology at the time of service of process. In this effort, counsel for MPS, during Mr. Grimm's and Mr. Chen's deposition, sought information about the following topics:

1.  The nature of Mr. Grimm's responsibilities at Silergy Technology
2.  Whether Mr. Grimm's responsibilities at Silergy Technology have any relation to Silergy Corp.
3.  The nature of Mr. Grimm's responsibilities to Silergy Corp.
4.  The nature of Mr. Grimm's communications with Silergy Corp. or its employees, and whether he had any communications with them at the time of service.
5.  The relationship between Silergy Technology and Silergy Corp. including identifying and describing any agreements, including licensing agreements, between the two.
6.  Meetings between Mr. Grimm and Silergy Corp. at the time of service of process.
7.  The nature of any work that Mr. Grimm or Silergy Technology was conducting on behalf of Silergy Corp. at the time of service.
8.  The nature of any visits by Mr. Grimm to Silergy Corp.
9.  Whether Mr. Grimm signed any documents on behalf of Silergy Corp.

During the depositions of Mr. Chen and Mr. Grimm, Mr. Parker (counsel for Silergy) objected to questions regarding the above-listed topics, instructed his

witnesses not to answer any such questions, and strictly limited the questioning to Mr. Grimm's <u>actual</u> position at Silergy Tech. or Silergy Corp. at the time of service of process (on or around October 2010).  Because Mr. Grimm's actual position was already provided to MPS and the Court in Mr. Grimm's declaration filed with Silergy Corp.'s motion to dismiss, MPS believes that the Court's order also intended to permit discovery with respect to Mr. Grimm's responsibilities and actions on behalf of Silergy Corp. at the time of service.  *See* Michael Grimm's November 2, 2010 Declaration, Dkt. 23-2 (indicating Mr. Grimm was not an officer or director of Silergy Corp., but an employee of Silergy Technology); *see also* Opposition Brief 3, Dkt. 32 (stating that Michael Grimm was President of Silergy Technology).

Further, based on the Mr. Parker's instructions not to answer, MPS also believes that Silergy Corp., Silergy Technology, Wei Chen, and/or Michael Grimm may be withholding documents relevant to the topics listed above.

Accordingly, MPS respectfully requests that the Court clarify the scope of its January 6, 2010 Order (permitting discovery of "Mr. Grimm's positions if any, at the time of service of process, with Silergy Corp and Silergy Tech."), determine whether the topics listed above fall within the scope of the Court's Order, order the production of any documents relevant to the topics listed above, and permit an additional deposition of Mr. Grimm to seek discovery of this information.

**IV.   CONCLUSION**

In view of the foregoing, MPS respectfully requests the Court clarify its January 6, 2011 Order, order the production of any relevant documents, and permit an additional deposition of Michael Grimm.

/ / /

/ / /

Dated:  March 10, 2011

Respectfully submitted,
**MONOLITHIC POWER SYSTEMS, INC.**

By its attorneys,

By   /s/ *Jerry T. Yen*
Jerry T. Yen
FISH & RICHARDSON, P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone:  650-839-5070
Facsimile:  650-839-5071

Ruffin B. Cordell
[Admitted *Pro Hac Vice*]
cordell@fr.com
FISH & RICHARDSON, P.C.
1425 K Street, N.W., Suite 1100
Washington, D.C.  20005
Telephone:  202-783-5070
Facsimile:   202-783-2331

Of Counsel:
Indranil Mukerji
Rudhir B. Patel
FISH & RICHARDSON, P.C.
1425 K Street, N.W., Suite 1100
Washington, D.C.  20005
Telephone:  202-783-5070
Facsimile:  202-783-2331

**CERTIFICATE OF SERVICE**

     I hereby certify that on March 10, 2011, I electronically filed the foregoing MONOLITHIC POWER SYSTEMS, INC.'S EX PARTE APPLICATION FOR CLARIFICATION OF ORDER GRANTING PLAINTIFF'S REQUEST TO CONDUCT LIMITED JURISDICTIONAL DISCOVERY with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to the following attorneys of record who are Filing Users of the Court's Electronic Filing System.

KENNETH G. PARKER
kenneth.parker@haynesboone.com
HAYNES AND BOONE, LLP
18100 Von Karman Avenue, Suite 750
Irvine, California 92612
Telephone: (949) 202-3014
Telecopier: (949) 202-3114

WILL DURHAM WHITE
will.white@haynesboone.com
HAYNES AND BOONE LLP
2323 VICTORY AVENUE SUITE 700
DALLAS, TX 75219-7673
Tel:  (214) 651-5516
Fax:  (214) 200-0500

By:   /s/ *Jerry T. Yen*
         Jerry T. Yen