KENNETH G. PARKER (SBN 182911)
kenneth.parker@haynesboone.com
HAYNES AND BOONE, LLP
18100 Von Karman Avenue, Suite 750
Irvine, California 92612
Telephone: (949) 202-3014
Telecopier: (949) 202-3114

WILLIAM D. WHITE [admitted *pro hac vice*]
will.white@haynesboone.com
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone: (214) 651-5516
Telecopier: (214) 200-0500

Attorneys for Defendants
SILERGY CORP. and
SILERGY TECHNOLOGY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| MONOLITHIC POWER SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SILERGY CORPORATION and SILERGY TECHNOLOGY, <br> Defendants. | CASE NO. CV-10-01533 CAS (AGRX) <br><br> Assigned to: Hon. Christina A. Snyder <br><br> **DEFENDANT SILERGY TECHNOLOGY'S OPPOSITION TO MONOLITHIC POWER SYSTEMS, INC.'S *EX PARTE* APPLICATION FOR "CLARIFICATION" OF ORDER GRANTING PLAINTIFF'S REQUEST TO CONDUCT LIMITED JURISDICTIONAL DISCOVERY** |

RESPONSE IN OPPOSITION TO MPS' *EX PARTE* APPLICATION FOR CLARIFICATION OF ORDER;
PARKER DECL.

## I. SUMMARY

This Court should deny Monolithic Power Systems, Inc.'s ("MPS's") *ex parte* application for an order "clarifying" this Court's January 6, 2011 Order. This Court's Order was clear and does not need to be "clarified": MPS could conduct jurisdictional discovery "limited to the following issues: (1) the nature of the relationship between Acer Inc. and Silergy Corp. and (2) Mr. Grimm's positions if any, at the time of service of process, with Silergy Corp. and Silergy Tech." January 6, 2011 Order (Docket No. 39). MPS's *ex parte* application seeking "clarification" of the Order is simply an application for reconsideration by which MPS seeks to expand the scope of discovery beyond what this Court has deemed appropriate. Importantly, MPS *does not contend* that it was not allowed to examine Mr. Grimm about his "positions, if any, at the time of service of process with Siergy Corp. and Silergy Tech," as the Order allowed. MPS was allowed to do so. Specifically, MPS got testimony about the following:

(1) Mr. Grimm's positions with Silergy Technology (several) and Silergy Corp. (none) at the time of service;

(2) Whether Mr. Grimm held shares in either corporation around the time of service;

(3) Whether Mr. Grimm received compensation from Silergy Corp. around the time of service (no).

MPS got all the discovery this Court ordered it should get, and now wants a broader order than it got. This Court should deny MPS's application on the merits, as well as for failure to comply with L.R. 7-19.1.

## II. ARGUMENT

### A. MPS Has Not Complied with Local Rule 7-19.1

Pursuant to Local Rule 7-19.1, MPS was required to make a good faith effort to advise counsel for Defendants of the ***date***, time and substance of a proposed *ex parte* application and determine Defendant's position. MPS entirely failed to meet this requirement. Defendant had no prior notice whatsoever of MPS's *ex parte* application, particularly when it would be filed. MPS maintains that its application is made following a conference of counsel on March 4, 2011. Although the parties discussed the discovery scope issue, no discussions of timing or method of placing this issue in front of the Court occurred. At the least, the timing of this application should have been discussed so that Defendant did not have to drop everything and prepare this opposition within 24 hours notice. Moreover, there is no emergency given the parties' recent stipulation to extend the briefing deadline and continue the hearing date (subject to this Court's approval).

### B. Defendants' Statement About "Instructing the Witness" Is Not Complete.

MPS's statement that counsel instructed the witness is slightly misleading, although not intentionally so. As this Court knows, the Order allowed narrow discovery. Both Mr. Chen and Mr. Grimm appeared for deposition on Friday, March 4, 2011. Mr. Chen went first. Shortly into Mr. Chen's deposition, counsel for MPS asked a question that was outside the scope of this Court's order. At that time, counsel for Silergy Corporation objected to the question, and pointed out that *technically* the only remedy under the rules to deal with the situation was to terminate the deposition and move for a protective order, which would deprive MPS of the ability to ask questions that all parties agreed were within the scope of the Court's order. A second alternative, if MPS consented, was to simply instruct,

3
RESPONSE IN OPPOSITION TO MPS' *EX PARTE* APPLICATION FOR CLARIFICATION OF ORDER; DECL,.
OF KENNETH PARKER

allow the deposition to proceed on undisputed questions, and deal with the scope issue as to objectionable questions later. The parties clearly chose the latter option—allowing counsel for Defendants to instruct so that the deposition could proceed rather than terminate. (Parker Decl. ¶ 2.) Counsel points this out to clarify that it did not violate procedure, but rather that the parties cooperated to preserve their positions and allow the area of dispute to be resolved later.

### C. MPS's Application Is A Motion for Reconsideration, and MPS Has Not Met the Requirements for Such a Motion

MPS's motion is simply a motion for reconsideration and amendment of the Order, not "clarification." This Court's January 6, 2011 Order needs no clarification. It is clear: MPS was entitled to examine Mr. Grimm about his positions with Silergy at the time of service, and was allowed to do so. MPS was entitled to examine him about the nature of the relationship between Silergy Corp. and Acer (if any), and was allowed to do so.

MPS was allowed to take discovery on the issue this Court specified in this order, and nothing brings this point home better than *the process MPS has used to bring its grievances up*: an application to this Court rather than the Magistrate Judge. All discovery matters in this case are to be filed with the Magistrate Judge. If MPS thought it had been denied discovery it was rightfully entitled to under this Court's January 6, 2011 Order, it could have, and would have, filed *a motion or application with the Magistrate Judge assigned to this case*. But MPS knows that the order is clear, and it would lose in front of the Magistrate, and so it seeks "clarification"–a code word for reconsideration--from this Court instead.

No reconsideration is warranted. Local Rule 7-18 governs a motion for reconsideration, and requires that there be (a) a material difference in fact or law that could not have been known prior to the decision; (b) the emergence of new

4

facts or law after the decision; or (c) a manifest showing of a failure to consider material facts prior to the decision.

MPS does not try to demonstrate the existence of any of the three factors warranting reconsideration, and could not demonstrate them if it tried. No new evidence or circumstances have arisen since January 6, 2011, when this Court issued its Order setting the scope of discovery. At the time of the Order, the Court had the benefit of Silergy Corp.'s brief in support of its motion to dismiss with two attached declarations; MPS's brief in opposition with its twenty-four exhibits; and Silegy Corp.'s reply brief with two new attached declarations. The Court clearly analyzed the arguments and evidence regarding Silegy Corp.'s motion to dismiss for insufficient service and appropriately ordered limited discovery on Michael Grimm's "positions if any, at the time of service of process, with Silergy Corp. and Silergy Tech." As the Court realized, only Mr. Grimm's position *at the time of service* is relevant. *See Gidding v. Pivotal, Inc.*, No. C 07-04755 JSW, 2008 U.S. Dist. LEXIS 65898, at *7-8 (N.D. Cal. Aug. 27, 2008) (holding that service of process on a former owner of a defendant was insufficient because the individual was not an officer, managing agent, or agent for service of process *at the time of service*). As discussed below, Defendants have and will fully permit MPS to engage in discovery on this already clearly-defined topic.

### D.  MPS Got the Discovery to Which It Was Entitled

MPS got the information it was entitled to regarding Mr. Grimm's positions with Silergy Technology and lack of positions with Silergy Corporation. For example the following questions were asked and answered (taken from a rough draft of the transcript):

> Q. During the -- around the time of filing, what were your, what is your position, what were your positions with Silergy Technology?
> A. I have several positions. I'm not sure I can name them all accurately. They're in my declaration there specifically, but I am president/CEO, secretary, treasurer, and chief financial officer --
> Q. Okay.
> A. -- I believe. And I might have missed one of the officer positions with that. But I am all the officers of the company.

In addition:

> Q. Do you have any ownership interest in Silergy Corp.?
> A. I am a shareholder of Silergy Corp.

And:

> Q. On or around September or October 2010, did you have any positions or roles or responsibilities on behalf of Silergy Corp.?
> A. No.
> Q. Do you receive any payments from Silergy Corp. on or around September or October 2010?
> A. No.
> Q. Did you receive payments from Silergy Tech around that time period, Silergy Technology?
> A. My compensation comes from, solely from Silergy Technology.

(Parker Decl. ¶ 3.) MPS's newly proposed "topics" go far beyond this Court's Order and delve into matters way beyond the narrow factual point at issue. Proposed topics 1, 2, and 3 concern the nature of Mr. Grimm's "responsibilities" at

6

Silergy Technology and Silergy Corp. These topics are unrestricted as to time, when only Mr. Grimm's roles at the time of service are relevant. Topics 4, 6, 7, and 8 concern Mr. Grimm's communications, meetings, work, and "visits" with Silergy Corp. But Mr. Grimm's communications, meetings, work, and "visits" with Silergy Corp. are only relevant to the extent that (1) they occurred at the time of service and (2) pertained to his corporate positions at Defendants. Topic 9 concerns documents Mr. Grimm may have signed on behalf of Silergy Corp., but once again, this topic is inappropriately unbounded in time. Finally, topic 5, concerning the relationship between Silergy Corp. and Silergy Technology, is completely beyond the scope of this Court's Order. Plaintiffs are able to fully examine Mr. Grimm's positions, if any, with respect to Defendants without undergoing expensive, time-consuming early discovery delving into the details of the relationship between these two companies.

## III. CONCLUSION

MPS's *ex parte* application seeks to "clarify" this Court's very clear January 6, 2011 Order allowing limited jurisdictional discovery. This Court's Order is very clear and is narrowly-tailored to the sole factual issue relevant to determining whether service of process on Michael Grimm was effective as to Silergy Corp., namely, Mr. Grimm's "positions if any, at the time of service of process, with Silergy Corp. and Silergy Tech." Allowing discovery on MPS's suggested overly-broad topics would not be "clarifying" this Court's prior Order; it would be re-

RESPONSE IN OPPOSITION TO MPS' *EX PARTE* APPLICATION FOR CLARIFICATION OF ORDER; DECL,. OF KENNETH PARKER

writing the Order entirely when no grounds for reconsideration exist. MPS's *ex parte* application should be denied.

DATED: March 11, 2011         HAYNES AND BOONE, LLP


                              By: /s/ Kenneth G. Parker
                                   KENNETH G. PARKER

                              Attorneys for Defendants
                              SILERGY CORP. and SILERGY
                              TECHNOLOGY

## **DECLARATION OF KENNETH G. PARKER**

I, Kenneth G. Parker, declare as follows:

1. I am an attorney licensed to practice and in good standing with this Court and the State Bar of California. I have personal knowledge of the following facts and could, if called to do so, testify to them in a Court of law.

2. This Court's Order allowed narrow discovery. Both Mr. Chen and Mr. Grimm appeared for deposition on Friday, March 4, 2011. Mr. Chen went first. Shortly into Mr. Chen's deposition, counsel for MPS asked a question that was outside the scope of this Court's order. At that time, I objected to the question, and pointed out that technically the only remedy under the rules to deal with the situation was to terminate the deposition and move for a protective order, which would deprive MPS of the ability to ask questions that all parties agreed were within the scope of the Court's order. A second alternative, if MPS consented, was to simply instruct, allow the deposition to proceed on undisputed questions, and deal with the scope issue as to objectionable questions later. The parties clearly chose the latter option—allowing counsel for Defendants to instruct so that the deposition could proceed rather than terminate.

3. The question and answer pairs set forth above are, to my recollection true and correct, and are taken from the rough transcript I have received in this matter. If I were more technically competent, I could attach it, but my secretary is out sick and due to this ex parte I need to get this opposition on file.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 11th day of March, 2011.

                                                                       _____/s/ Kenneth G. Parker _____
                                                                               Kenneth G. Parker

RESPONSE IN OPPOSITION TO MPS' *EX PARTE* APPLICATION FOR CLARIFICATION OF ORDER; DECL,. OF KENNETH PARKER

# CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2011, I electronically filed the foregoing **RESPONSE IN OPPOSITION TO MONOLITHIC POWER SYSTEMS, INC.'S *EX PARTE* APPLICATION FOR CLARIFICATION OF ORDER GRANTING PLAINTIFF'S REQUEST TO CONDUCT LIMITED JURISDICTIONAL DISCOVERY** with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to the following attorneys of record.

| | |
|---|---|
| Jerry Tongwei Yen<br>yen@fr.com<br>FISH AND RICHARDSON P.C.<br>500 Arguello Street, Suite 500<br>Redwood City, CA 94063<br>Telephone: (650) 839-5070<br>Fax: (650) 839-5071 | Ruffin B. Cordell<br>[Admitted *Pro Hac Vice*]<br>cordell@fr.com<br>FISH AND RICHARDSON P.C.<br>1425 K. Street, N.W., Suite 1100<br>Washington, D.C. 20008<br>Telephone: (202) 783-5070<br>Fax: (202) 783-2331 |
| Desa L. Burton<br>burton@fr.com<br>FISH AND RICHARDSON P.C.<br>12390 El Camino Real<br>San Diego, CA 92130-2081<br>Telephone: (858) 678-5070<br>Fax: (858) 678-5099 | |

    Attorneys for Plaintiff
      MONOLITHIC POWER SYSTEMS, INC.

                                    /s/ Kenneth G. Parker
                                    Kenneth G. Parker

RESPONSE IN OPPOSITION TO MPS' *EX PARTE* APPLICATION FOR CLARIFICATION OF ORDER; DECL,. OF KENNETH PARKER